IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CR 113-244 |
| | * | |
| TERRY LEVAN JACKSON | * | |

# O R D E R

Before the Court in this criminal matter is a motion for return of the bond posted by a surety, Glenda M. Jackson. The surety posted bond in the amount of $2500.00 on November 25, 2013, to secure the release of Defendant Terry Levan Jackson.[1] The surety warned and signed the bond documents consenting and agreeing that if Defendant violated **any** terms or conditions of his bond, it was subject to forfeiture. (Doc. No. 21.) The "Conditions of Release" included the use, possession or distribution of controlled substances or testing positive on a drug screen. (See Doc. Nos. 6 & 21.)

On August 25, 2014, the surety, Glenda M. Jackson, was directed to show cause, if any, why her bond should not be forfeited after Defendant tested positive for the prohibited controlled substance cocaine. On September 11, 2014, the Court received a one page letter in response.

---

[1] This appearance bond was set at $25,000, secured by 10% cash.

Upon due consideration, the Court determines upon clear and convincing evidence that Defendant violated the Conditions of Release. Thus, pursuant to Federal Rule of Criminal Procedure 46(f), the appearance bond in the amount of $25,000 secured by $2500 cash is subject to forfeiture. The surety has not convinced the Court of a contrary result. Accordingly, the cash amount of $2500 is forfeited to the United States; however, the surety is exonerated of the remaining amount of the bond, $22,500. The surety's motion for return of the bond (doc. no. 27) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___15th___ day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE